**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RANDY JOHNSON, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC.,<br><br>    Defendant.<br>------------------------------------------------------<br>SHELLY TOURE and TONY HEARD, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 1:15-cv-0716 LJM-MJD<br><br><br><br><br><br><br><br><br>Case No. 1:17-cv-00071 LJM-TAB |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

WHEREAS, the above-referenced related class actions are pending in this Court (the "Actions");

WHEREAS, plaintiffs Randy Johnson, Shelly Toure and Tony Heard ("Plaintiffs") and defendant Navient Solutions, Inc. ("NSI") have agreed, subject to Court approval following notice to the proposed Settlement Class (as described below) and a hearing, to settle the Actions upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the Parties, including all persons in the Settlement Class.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

<u>Preliminary Approval of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that: (a) the Agreement resulted from arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

<u>Class Certification for Settlement Purposes Only</u>.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

>Each person and entity throughout the United States: (a) to whom NSI placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after NSI designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and [the date of this preliminary approval order].

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

1. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

2. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

3. Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

4. Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed settlement;

5. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

6. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

<u>Class Representatives</u>.  Johnson, Toure and Heard are designated as class representatives for the Settlement Class.

<u>Class Counsel</u>.  The Court appoints Aaron D. Radbil, Michael L. Greenwald, and James L. Davidson of Greenwald Davidson Radbil PLLC as counsel for the Settlement Class. The

Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

<u>Final Approval Hearing</u>.  A final approval hearing (the "Final Approval Hearing") shall be held on _____ at _____ to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the Service Awards to Johnson, Toure and Heard and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth below.  The Final Approval Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

<u>Class Notice</u>.  Class Notice shall be sent within 60 days following entry of this Preliminary Approval Order.

    1.   <u>Mail Notice</u>.  The Settlement Administrator will provide individual Mail Notice pursuant to the Agreement to all persons in the Settlement Class who can be reasonably identified through reverse phone number lookups.

    2.   <u>Website Notice</u>.  The Settlement Administrator will establish and maintain a Settlement Website using a domain name dedicated to the Settlement on which will be posted the Website Notice and other settlement-related documents.  The Mail Notice shall direct recipients to the location of the Website Notice.  The Settlement Website will be established no later than 15 days following the date of this Preliminary Approval Order and shall remain active at least until the date of the Final Approval Hearing.

      3.    <u>Telephone Number</u>.  The Settlement Administrator will establish and maintain a toll-free telephone number which persons in the Settlement Class may call to receive more information regarding the Settlement.  The Mail Notice shall inform persons in the Settlement Class of the toll-free number.  The toll-free number will be established no later than 15 days following the date of this Order and shall remain active at least until the date of the Final Approval Hearing.

    <u>Findings Concerning Class Notice</u>.  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement or exclude themselves from the Settlement Class.  The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.  The Court hereby approves the notices in substantially the same forms as those attached as Exhibits C and E to the Settlement Agreement.

    <u>Administration</u>.  The Settlement Award distribution process described in the Agreement is hereby approved.

    <u>Exclusion from the Settlement Class</u>.

      1.    Persons in the Settlement Class will possess the right to opt out by sending a written request to the Settlement Administrator by [105 days after the entry of this order], or _____, 2017 (the "Opt-Out and Objection Deadline").  All persons in the Settlement Class who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

      2.      Exclusion requests must: (i) be signed by the Settlement Class Member who requests exclusion; (ii) include the full name and address of the person who requests exclusion, as well as the cellular phone number dialed by NSI; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Johnson action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with such person, may exclude any other person from the Settlement Class.

      3.      The Settlement Administrator will retain a copy of all requests for exclusion. Not later than [135 days after the entry of this order], or _____, 2017, the Settlement Administrator shall file a declaration with the Court that lists all of the opt-outs received.

Objections and Appearances.

      1.      Any Settlement Class Member may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses, and the Service Awards to Johnson, Toure and/or Heard.

      2.      In order to be heard at the Final Approval Hearing, the person must make any objection in writing and mail it to counsel for the parties and the clerk of this Court not later than [105 days after the entry of this order], or _____, 2017. Any objections that are not timely filed and mailed shall be forever barred. All objections must comply with the directives contained in the Agreement or will otherwise be invalid and barred. To the extent that a person submits both an objection and request for exclusion, the request for exclusion prevails and the person will be excluded from this Action.

      3.     In order to be heard at the Final Approval Hearing, the person also must file with the Court and serve on all parties a Notice of Intention to Appear with the Court.

      4.     Settlement Class Members who do not object to the Settlement need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

<u>Further Papers in Support of Settlement and Fee Application</u>.  By no later than 30 days before the Opt-Out and Objection Deadline, Class Counsel shall file the Fee Application.  No later than 30 days after the Opt-Out and Objection Deadline, Class Counsel and/or NSI's Counsel shall file with the Court (i) any papers in support of final approval of the Settlement, including any response to any timely filed objections to the Settlement, and (ii) a list of persons in the Settlement Class who made timely and proper Exclusion Requests.  By no later than 45 days after the Opt-Out and Objection Deadline, any Settlement Class Members who filed a timely and valid objection shall file with the Court any reply papers in support of their objection.

<u>Effect of Failure to Approve the Agreement</u>.  In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a final judgment as contemplated in the Agreement, or the Agreement is terminated for any reason, then the following shall apply:

      (a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever and shall not be admissible in any other proceeding;

      (b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Actions; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged

liability of NSI for the matters alleged in the Actions or for any other purpose;

    (c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against NSI, Johnson, Toure or Heard on any point of fact or law.

  <u>Stay/Bar of Other Proceedings</u>.  All proceedings in the Actions are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Johnson, Toure, Heard, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court other than a "State court," as used by 28 U.S.C. § 2283, arbitration forum or tribunal asserting any of the Released Claims.

  IT IS SO ORDERED.

                Entered:

                _____

                Hon. Larry McKinney

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the court's ECF system.