**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

RANDY JOHNSON, on behalf of himself
and others similarly situated,

       Plaintiff,

v.                                                    Case No.: 1:15-cv-0716-LJM-MJD

NAVIENT SOLUTIONS, INC, formerly
known as SALLIE MAE, INC., now known
as Navient Solutions, LLC,

       Defendant.

-----------------------------------------------------
SHELLY TOURE and TONY HEARD, on
behalf of themselves and others similarly
situated,                                             Case No. 1:17-cv-00071 LJM-TAB

       Plaintiffs,

v.

NAVIENT SOLUTIONS, INC, formerly
known as SALLIE MAE, INC., now known
as Navient Solutions, LLC,

       Defendant.

## FINAL APPROVAL ORDER

The Court having held a final approval hearing on July 13, 2017, notice of the hearing

having been duly given in accordance with this Court's Order (1) Conditionally Certifying a

Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice

Plan, and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having

considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final approval order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement dated December 23, 2016, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference hereinafter in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Final Approval Order, which constitutes a Final Judgment and Order of Dismissal.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> Each person and entity throughout the United States: (a) to whom Navient Solutions, LLC ("NSL") placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after NSL designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and January 26, 2017.

3.     This Court hereby finds that the Agreement is the product of arm's length settlement negotiations among Plaintiffs, Class Counsel, and NSL.

4.     This Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in Section III.E. of the Agreement and in compliance with this Court's Preliminary Approval Order.

5.     This Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Sections III.E. and III.F. of the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all

persons in the Settlement Class who could be identified through reasonable effort and support this Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6.      This Court hereby finds and concludes that the notice provided by NSL to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.      This Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8.      The Court reserves jurisdiction over all matters arising out of the Agreement.

9.      This Court hereby dismisses the Action with prejudice, without fees or costs, except as expressly provided for in the Agreement and in paragraph 15 below.

10.      Johnson, Toure, Heard, and each and every one of the Settlement Class Members—other than those who timely and validly excluded themselves—unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of Johnson, Toure, Heard, and each and every one of the Settlement Class Members—other than those who timely and validly excluded themselves—subject to the protections afforded under Section 1542 of the California Civil Code and any other similar, comparable or equivalent laws, are terminated.

11.      Johnson, Toure, Heard, and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s)—other than

those who timely and validly excluded themselves—is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12.    The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing, by NSL, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and this Final Approval Order.

13.    If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class will be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues, and the Parties will return to the *status quo ante* in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14.     In the event that any provision of the Settlement or this Final Approval Order is asserted by NSL as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding must be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15.     This Court approves Class Counsel's application for attorneys' fees in the amount of one-third of the $19,744,650.00 settlement fund after deducting notice, administration, and litigation costs. This Court approves the reimbursement of $51,293.04 in litigation costs and expenses to Class Counsel. This Court also approves a Service Award to Johnson in the amount of $25,000 and to Toure and Heard in the amount of $5,000 each.

16.     This Court notes that there were no objections to the settlement. The objection of Patrick Sweeney (*Johnson*, ECF No. 168; *Toure*, ECF No. 41) was withdrawn with prejudice (*Johnson*, ECF No. 169; *Toure*, ECF No. 42). Moreover, this Court finds that Mr. Sweeney is not a class member and lacked standing to object to the settlement in any event. This Court also

notes that the filing of Benjamin Fickel (*Johnson*, ECF No. 165) was incorrectly docketed as an objection. This Court finds that Mr. Fickel's submission is not an objection to the settlement, and notwithstanding, there is no evidence that Mr. Fickel is a class member.

17.     This Court notes that 13 Class Members timely and validly excluded themselves. Those excluded Class Members are identified in the Declaration of Settlement Administrator, submitted on June 23, 2017. (*Johnson*, ECF No. 173-1; *Toure*, ECF No. 46-1).

18.     Finding that there is no just reason for delay, this Court orders that this Final Approval Order constitutes a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure and a dismissal of the Action.  The Clerk of this Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED this 13th day of July, 2017.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana




Distribution Attached

Distribution:

Electronically Registered Counsel

Adam Theodore Hill
Krohn & Moss, Ltd.
10 N. Dearborn Street, 3rd Floor
Chicago, IL 60602

Gregory Howard Moss
Krohn & Moss, Ltd.
10 N. Dearborn St.
3rd Floor
Chicago, IL 60602

Lisa Marie Simonetti
Vedder Price LLP
1925 Century Park East
Suite 1900
Los Angeles, CA 90067

Andrew Michael Barrios
Vedder Price, Pc.
222 N. Lasalle Street
Suite 2600
Chicago, IL 60601